UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21525-UU

EL NOVILLO RESTAURANT d/b/a DJJ RESTAURANT CORP. and EL NOVILLO RESTAURANT d/b/a TRIAD RESTAURANT CORP., on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON, and UNDERWRITERS AT LLOYD'S LONDON KNOWN AS SYNDICATE XLC 2003, AFB 2623, AFB2623, AFB 263, BRT 2987, BRT2988, WRB 1967, and MSP 318,

    Defendants.

_____/

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy Nos. 773TA1006 and 773TA10064 (misidentified in this action as "Certain Underwriters at Lloyd's London, and Underwriters at Lloyd's London known as syndicate XLC 2003, AFB 2623, AFB2623, AFB 263, BRT 2987, BRT2988, WRB 1967, and MSP 318) ("Underwriters"), hereby submit this Notice of Supplemental Authority in Further Support of Underwriters' Motion to Dismiss [D.E. 24].

Underwriters respectfully bring to the Court's attention the following orders, entered after the filing of their Reply [D.E. 35], in further support of their Motion to Dismiss:

CASE NO.: 1:20-cv-21525-UU

1. *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's, London Known As Syndicate PEM 4000 and Hamilton Designated Activity Company*, 8:20-cv-1605-T-30AEP (M.D. Fla. Sept. 28, 2020) (dismissing Plaintiff's COVID-19-related Amended Complaint with prejudice, finding no business income coverage and no civil authority coverage because Amended Complaint fails to allege facts describing how the subject property suffered any actual physical loss or damage and, further, that any amendment would be futile under the circumstances) (attached as Exhibit "A").

2. *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.,* 20-cv-04434-JSC (N.D. Ca. Sept. 22, 2020) (dismissing plaintiff's COVID-19-related Complaint with prejudice, finding that the policy's virus exclusion barred coverage for plaintiff's claim and rejecting plaintiff's theory that civil authority coverage was triggered because closure orders were independent from virus, as closure orders must be the "direct result" of a covered cause of loss) (attached as Exhibit "B").

3. *Oral Surgeons, P.C. v. Cincinnati Ins. Co.,* 4-20-cv-222-CRW-SBJ (S.D. Iowa Sept. 29, 2020) (dismissing plaintiff's COVID-19-related Complaint with prejudice, finding that plaintiff failed to allege a physical loss to property, but instead only alleged a purely economic loss caused by government action and noting that recent cases have held that virus-related closure of business does not amount to direct loss and that contrary cases are "distinguishable on their facts and not as well analyzed.") (attached as Exhibit "C").

4. *It's Nice, Inc. v. State Farm Fire & Cas. Co.*, 20-L-547 (Ill. Cir. Ct. Sept. 29, 2020) (dismissing plaintiff's COVID-19-related Complaint with prejudice, finding that there were no allegations of accidental direct physical loss because the virus did "not physically altered the appearance, shape, color, structure, or other material dimension of the property.") (attached as Exhibit "D").

CASE NO.: 1:20-cv-21525-UU

5.  *Wilson v. Hartford Cas. Cao.,* 2:20-cv-03384-ER (E.D. Penn. Sept. 30, 2020) (dismissing plaintiff's COVID-19-related Complaint with prejudice, finding that virus exclusion applied, plaintiff's claim did not fall within "Limited Fungi, Bacteria, or Virus Coverage" exemption, and virus exclusion excluded coverage for loss caused by the presence or spread of "fungi, wet rot, dry rot, bacteria or virus," notably comparing the exclusion to "similarly unambiguous exclusions barring coverage for losses caused by hazardous substances or microorganisms.") (attached as Exhibit "E").

6.  *Pappy's Barber Shops, Inc., et al v. Farmers Group, Inc., et a.,* 20-cv-0907-AB-BLM (S.D. Ca. Oct. 1, 2020) (denying Plaintiff's Motion for Leave to File Amended Complaint following previous dismissal without prejudice finding: "The primary additions to the proposed amended complaint are **speculative allegations** that the COVID-19 virus, or individuals infected by the virus, likely had entered Plaintiffs' premises at the time of the COVID-19 Civil Authority Orders. **Even assuming the truth of these allegations, the presence of the virus itself, or of individuals infected the virus, at Plaintiffs' business premises or elsewhere do not constitute direct physical losses of or damage to property**. Moreover, even if they do constitute direct physical losses of or damage to property, they were not the cause of the business income losses for which Plaintiffs' seek coverage here." (emphasis added) (attached as Exhibit "F").

7.  *Mark's Engine Company No. 28 Restaurant, LLC. V. The Travelers Indemnity Co. of Connecticut, et al.,* 2:20-cv-04423-AB-SK (C.D. Ca. Oct. 2, 2020) (dismissing Plaintiff's COVID-19-related Complaint with prejudice, finding that "an insured cannot recover by attempting to artfully plead impairment to economically valuable use of property as physical loss or damage to property," that plaintiff did not suffer direct physical loss of its property as it always

CASE NO.: 1:20-cv-21525-UU

had complete access to the premises, and that the virus exclusion also applied to preclude coverage under the policy) (attached as Exhibit "G").

8.     *Henry's Louisiana Grill, Inc., et al v. Allied Ins. Co. of Amer.*, No. 1:20-cv-2939-TWT (N.D. Ga. Oct. 6, 2020) (dismissing Plaintiff's COVID-19-related Complaint with prejudice, finding that government orders do not create direct physical loss, that the government orders did not prohibit access to property, and relying upon other decisions in the Eleventh Circuit applicable to COVID-19-related claims including *Malaube, LLC v. Greenwich Ins. Co.*, Civ. A. No. 20-22615-Civ, 2020 WL 5051581 (S.D. Fla. Aug. 26, 2020) and *Mama Jo's Inc v. Sparta Ins. Co.*, No. 18-12887, 2002 WL 4782369 (11th Cir. Aug. 18, 2020)  (attached as Exhibit "H").

9.     *Vandelay Hosp. Grp. LP v. Cincinnati Ins. Co.*, No. 3:20-cv-1348-D (N.D. Tex. Oct. 7, 2020) (dismissing Plaintiff's COVID-19-related Complaint finding that the allegations were factually conclusory and/or legal conclusions inadequate to plead a plausible claim for breach of contract) (attached as Exhibit "I").

**CERTIFICATE OF SERVICE**

I HEREBY CERITFY that the foregoing has been filed this **13th** day of October, 2020, using the Court's CM/ECF filing system and served via email to: **Harley S. Tropin, Esq., Benjamin Widlanski, Esq., Gail A. McQuilkin, Esq., Javier A. Lopez, Esq., Frank Anthony Florio, Esq., and Robert Neary, Esq.,** KOZYAK TROPIN & THROCKMORTON LLP, Attorneys for Plaintiffs, 2525 Ponce de Leon Blvd., 9th Floor, Coral Gables, FL 33134, hst@kttlaw.com, bwidlanski@kttlaw.com, gam@kttlaw.com, jal@kttlaw.com, rn@kttlaw.com,

CASE NO.: 1:20-cv-21525-UU

fflorio@kttlaw.com; **Curtis B. Miner, Esq.,** COLSON HICKS EIDSON, PA., Attorney for Plaintiffs, 255 Alhambra Circle, PH, Coral Gables, Florida 33134, curt@colson.com.

        FIELDS HOWELL LLP
        Attorneys for Defendants, Underwriters
        9155 So. Dadeland Blvd.
        Suite 1012
        Miami, FL 33156
        Tel: (786) 870-5600
        Fax: (855) 802-5821

        By:*/s/ Armando P. Rubio*
           Armando P. Rubio, Esq.
           Florida Bar No. 478539
           arubio@fieldshowell.com
           service@fieldshowell.com